## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

**PHILLIP L. WILLYARD**                                                         **PETITIONER**
**ADC #152418**

**VS.**                    **CASE NO.: 5:14CV00093 KGB/BD**

**RAY HOBBS, Director,**
**Arkansas Department of Correction**                              **RESPONDENT**

### RECOMMENDED DISPOSITION

**I**.    **Procedure for Filing Objections**

The following Recommended Disposition ("Recommendation") has been sent to

United States District Court Judge Kristine G. Baker.  Any party may file written

objections to this Recommendation.

Objections must be specific and must include the factual or legal basis for the

objection.  An objection to a factual finding must identify the finding of fact believed to

be wrong and describe the evidence that supports that belief.

An original and one copy of objections must be received in the office of the United

States District Court Clerk within fourteen (14) days of this Recommendation.  A copy

will be furnished to the opposing party.

If no objections are filed, Judge Baker can adopt this Recommendation without

independently reviewing all of the evidence in the record.  By not objecting, you may also

waive any right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I.     Background

Petitioner Phillip L. Willyard, an inmate in the Arkansas Department of Correction

("ADC"), brings this 28 U.S.C. § 2254 petition for writ of habeas corpus (docket entry

#2), challenging his conviction in the Circuit Court of Pope County, Arkansas.  On

October 25, 2011, the Pope County Circuit Court issued an arrest warrant for Mr.

Willyard charging him with rape, a Class Y Felony, under Arkansas Code Annotated

§ 5-14-103.  (#2 at p. 18)  On May 14, 2012, Mr. Willyard pleaded nolo contendere to

second-degree sexual assault and was sentenced to 240 months' imprisonment.  (#2 at pp.

22-23)

On March 15, 2013, Mr. Willyard filed a habeas corpus petition with the Pope

County Circuit Court, which the court denied on May 29, 2013, for lack of jurisdiction.

(#2 at pp. 9, 11)  On August 13, 2013, Mr. Willyard brought a motion to proceed *in forma*

*pauperis* in the Pulaski County Circuit Court.  Judge Barry Sims denied the motion.  (#2

at p. 12)

Mr. Willyard filed this federal habeas petition on March 13, 2014.  (#2)  In the

petition and his reply to Director Hobbs's response, Mr. Willyard claims:  (1) he was

unlawfully arrested (#2 at p. 4, #11 at p. 2); he was serving in combat operations in Iraq

on or around June 13, 2008 (#2 at pp. 2-4, #11 at pp. 2, 8-13); (3) he was unlawfully

seized from a psychiatric facility (#2 at p. 4, #11 at p. 3); he had ineffective assistance of

counsel (#2 at p. 5, #11 at pp. 30-39); he was "mentally incompetent when he was

arrested and interviewed;" (#2 at p. 3, #11 at p. 19); he was active duty military, and Pope

County failed to notify his chain of command about his arrest (#2 at p. 6, #11 at p. 4); and

he was under prescribed narcotics at the time of sentencing.  (#2 at p. 7, #11 at p. 5)

ADC Director Ray Hobbs has responded to the petition (#10), contending that Mr.

Willyard's claims are barred by the statute of limitations or, alternatively, were waived or

procedurally defaulted.[1]  (#10 at pp. 2-6)  Mr. Willyard has replied to the response.  (#11)

For the reasons explained below, the Court recommends that Mr. Willyard's petition (#2)

be dismissed with prejudice.

## II.     The Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28

U.S.C. § 2244(d)(1), establishes a one-year limitations period for state prisoners to

commence federal habeas corpus proceedings under 28 U.S.C. § 2254.  The statute

provides that the limitation period begins to run from, "the date on which the judgment

became final by the conclusion of direct review or the expiration of the time limit for

seeking such review."  28 U.S.C. § 2244(d)(1)(A).  Under § 2244(d)(2), "[t]he time

---

[1]Because Mr. Willyard's federal habeas corpus claims are barred by the applicable statute of limitations, the Court will not discuss Director Hobbs's alternative arguments that Mr. Willyard waived or procedurally defaulted his federal habeas corpus claims.

during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."

In this case, on May 14, 2012, Mr. Willyard entered a plea of nolo contendere to second-degree sexual assault.  That plea precluded him from filing a direct appeal.  See ARK. R. APP. P. CRIM. 1(a).  (#2 at pp.)  Under Arkansas Rules, direct review from a plea of guilty or nolo contendere is barred unless a conditional plea was allowed under Arkansas Rule of Criminal Procedure 24.3(b).  Here, Mr. Willyard did not enter a conditional plea, so he was not entitled to direct review of his sentence.  Consequently, his conviction became final on the date the trial court's judgment and commitment order was filed on May 15, 2012.  See *Bradford v. State*, 351 Ark. 394, 401 (2003) (under Arkansas law, criminal judgment is effective when entered of record by filing with circuit court clerk); ARK. SUP. CT. ADMIN. ORDER NO. 2(b)(2) (judgment, decree or order is entered when stamped or otherwise marked with the date and time and the word "filed").

Mr. Willyard had ninety days following the entry of the judgment and commitment order to file a petition for relief under Rule 37 of the Arkansas Rules of Criminal Procedure; however, he never pursued a petition for post-conviction relief.  Instead, he filed a state habeas petition with the Pope County Circuit Court on March 15, 2013, which the court denied on May 29, 2013, for lack of jurisdiction.  (#2 at pp. 9, 11)

The state habeas petition was not "properly filed" because the trial court found that it lacked jurisdiction to address the petition.  Accordingly, the petition did not toll the statute of limitations under § 2244(d)(2).  See *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006); see also *Nelson v. Norris*, 618 F.3d 886, 892 (8th Cir. 2010) ("under *Walker*, if a state court finds that a motion fails to comply with filing requirements, that motion is not 'properly filed,' regardless of whether those filing requirements are firmly established and regularly followed").

Because Mr. Willyard is not entitled to statutory tolling, the statute of limitations for Mr. Willyard to file a federal habeas petition expired on May 16, 2013.  Mr. Willyard did not file the current petition until March 13, 2014, over nine months later.  Thus, his claims are barred unless he establishes that he is entitled to equitable tolling.

The limitations period set forth in 28 U.S.C. § 2244(d)(1) is subject to equitable tolling in appropriate cases.  *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549 (2010).  A petitioner is entitled to equitable tolling, however, only if he shows: (1) that he has pursued his rights diligently; and (2) that some extraordinary circumstances stood in his way and prevented a timely filing.  *Id*. at 2562 (quoting *Pace*, 544 U.S. at 418).

Here, Mr. Willyard waited over eight months after the judgment was entered to file a state habeas petition and more than eight months after the federal statute of limitations expired to file his federal habeas petition.  In *Pace v. DiGuglielmo*, the United States Supreme Court found that a petitioner was not diligent when he waited five months after

the judgment of conviction became final to file his habeas petition. *Pace*, 544 U.S. at

419.  In *Nelson v. Norris*, 618 F.3d 886 (8th Cir. 2010), the Court held that a nine-month

delay in filing a habeas petition, after the Arkansas Supreme Court had denied rehearing,

did not reflect diligence. *Nelson*, 618 F.3d at 893.  Under Eighth Circuit precedent, Mr.

Willyard's delay precludes a finding that he diligently pursued his rights.

Even assuming Mr. Willyard had acted diligently in pursuing his claim, he has not

established that extraordinary circumstances prevented him from filing his habeas corpus

petition.  Mr. Willyard does not state that he was unaware of the one-year federal

limitations period or that he was prevented in any way from complying with it.  In *Pace*,

the Supreme Court addressed the apparent unfairness to habeas petitioners who spend

years exhausting state remedies, only to discover that their federal habeas petitions are

time-barred because their state petitions were never "properly filed." *Pace*, 544 U.S. at

416.  The Supreme Court stated that a prisoner seeking state post-conviction relief "might

avoid this predicament . . . by filing a 'protective' petition in federal court and asking the

federal court to stay and abey the federal habeas proceedings until state remedies are

exhausted." *Pace*, 544 U.S. at 416; see also *Runyan*, 521 F.3d at 946 n. 4; *Curtiss v. Mt.

Pleasant Corr. Facility*, 338 F.3d 851, 855-56 (8th Cir. 2003).  But regardless of any

uncertainty about his state court proceedings, nothing impeded Mr. Willyard from filing a

concurrent, protective habeas corpus petition with the federal courts within the one-year

limitations period.

Mr. Willyard may also claim that ineffective assistance of counsel was an extraordinary circumstance that prevented him from filing his habeas petition in a timely manner. Ineffective assistance of counsel, "where it is due to an attorney's negligence or mistake, has not generally been considered an extraordinary circumstance" warranting the tolling of the statute of limitations. *U.S. v. Martin*, 408 F.3d 1089 (8th Cir. 2005) (citing *Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002)).

The Eighth Circuit has acknowledged, though, that serious attorney misconduct, as opposed to mere negligence, might warrant equitable tolling in cases where the petitioner is claiming gross negligence of counsel retained to file the habeas petition. *Id*. In this case, however, Mr. Willyard is not alleging gross negligence on the part of counsel retained to file a federal habeas petition.

In *McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924 (2013), the United States Supreme Court held that actual innocence, if proved, serves as a gateway through which a petitioner may pass to overcome the expiration of the statute of limitations. The Court cautioned, however, that "tenable actual-innocence gateway pleas are rare," and that "a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. (quoting *Schlup v. Delo*, 513 U.S. 298, 329, 115 S.Ct. 851 (1995)).

The actual-innocence exception requires a habeas corpus petitioner to come forward with "new reliable evidence" that was "not available at trial through the exercise of due diligence." *Schlup*, 513 U.S. at 324; *Kidd v. Norman*, 651 F.3d 947, 951–53 (8th Cir. 2011), cert. denied, 133 S.Ct. 137 (2012).  Here, Mr. Willyard bases his actual-innocence claim on documents showing that he was serving in combat operations in Iraq on or around June 13, 2008 and afterward. (#2 at p. 4, #11 at p. 2)  All of the documents Mr. Willyard points to in order to establish his innocence were available to him at the time he pleaded nolo contendere in the state circuit court.  Mr. Willyard has not come forward with any *new* evidence establishing that he is actually innocent.

Mr. Willyard did not attack the validity of his plea with the State court.  He could have filed a motion to withdraw his guilty plea under Rule 26.1 of the Arkansas Rules of Criminal Procedure before the entry of judgment or he could have sought post-conviction relief under Rule 37 of the Arkansas Rules of Criminal Procedure within ninety days of the entry of judgment to claim that his plea was not made voluntarily and intelligently or that it was made without effective assistance of counsel.  Mr. Willyard did not challenge his plea with the State courts and cannot do so here for the first time.  28 U.S.C. § 2254(b)(1)(A).  Further, Mr. Willyard's delay in raising his innocence is a factor that weighs against his claim of actual innocence. *McQuiggin*, 133 S.Ct. at 1935; *Schlup*, 513 U.S. at 332.

**III.    Certificate of Appealability**

When entering a final order adverse to a petitioner, the Court must issue or deny a

certificate of appealability.  See Rule 11 of the Rules Governing Section 2254 Cases in

the United States District Court.  A certificate of appealability may issue only if Mr.

Willyard has made a substantial showing of the denial of a constitutional right.  28 U.S.C.

§ 2253 (c)(1)-(2).  In this case, after considering Mr. Willyard's petition and his reply to

the response, he has not provided a basis for the Court to issue a certificate of

appealability.

**IV.    Conclusion**

After reviewing Mr. Willyard's claims for habeas corpus relief, including the

attachments, it is clear that his claims are barred by the one-year limitations period

established by 28 U.S.C. § 2244(d).  Accordingly, the Court recommends that Mr.

Willyard's petition for writ of habeas corpus (#2) be DISMISSED, with prejudice.  The

Court further recommends that no certificate of appealability be issued.

DATED this 14th day of May, 2014.

_____
UNITED STATES MAGISTRATE JUDGE