IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

PHILLIP L WILLYARD
ADC #152418                                                                                           PLAINTIFF

v.                          Case No. 5:14-cv-00093-KGB

RAY HOBBS, Director,
Arkansas Department of Correction                                                         DEFENDANT

## ORDER

The Court has reviewed the Proposed Findings and Recommendations submitted by United States Magistrate Judge Beth Deere (Dkt. No. 12) and the objections filed by plaintiff Phillip L. Willyard (Dkt. No. 14), as well as the affidavits Mr. Willyard filed in support of his objections (Dkt. Nos. 15, 16, 22, 24, 29, 30).  After carefully considering the objections and making a *de novo* review of the record in this case, the Court concludes that the Proposed Findings and Recommendations should be, and hereby are, approved and adopted in their entirety as this Court's findings in all respects.

The Court writes separately to address several of Mr. Willyard's objections.  Mr. Willyard argues that he is entitled to equitable tolling of the statute of limitations for filing a federal petition for writ of *habeas corpus* because there is new evidence showing his actual innocence.  Mr. Willyard contends that he has offered new evidence proving that he was deployed in Iraq during the time he was alleged to have committed the underlying offense.  Mr. Willyard argues that he did not have this evidence at the time of his guilty plea because at that time the evidence was protected by the Classified Information Procedures Act ("CIPA"), 18 U.S.C.App. 3, and because he did not receive this evidence from the National Personnel Records Center until March 21, 2013, and November 18, 2013.

1

It is unclear to the Court whether Mr. Willyard received all of the evidence he now submits on or after March 13, 2013, or if Mr. Willyard was in possession of or had access to some of this evidence at the time of his guilty plea. Nonetheless, the Court need not decide this issue to resolve Mr. Willyard's petition. Even if this Court accepts as true Mr. Willyard's claim that this is new evidence he now submits unavailable to him at the time of his guilty plea, this evidence only shows that Mr. Willyard was deployed to Iraq during the alleged initial contacts with the victim in the offense; Mr. Willyard offers no proof to account for a period of nearly three years in which prosecutors charged that Mr. Willyard made "off and on" contacts with the victim. Furthermore, Mr. Willyard does not dispute that he was present at a Super 8 Motel in Russellville, Arkansas, on October 8, 2011, where, prosecutors charged, he committed the most recent act of his underlying offense. Even if this Court accepts as true Mr. Willyard's claim that this is new evidence he now submits unavailable to him at the time of his guilty plea, Mr. Willyard has failed to persuade this Court that, in the light of this evidence, no juror acting reasonably would have found Mr. Willyard guilty beyond a reasonable doubt. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1935 (2013) ("[A] petitioner does not meet the threshold requirement [for showing actual innocence] unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.").

The Court also writes to address Mr. Willyard's claim that the state court failed to give him a competency hearing when he entered his guilty plea. Mr. Willyard had the opportunity after his conviction to challenge his guilty plea in state court under Arkansas Rule of Criminal Procedure 37 on the basis that the guilty plea was not made voluntarily and intelligently or that it was made without effective assistance of counsel. Mr. Willyard did not do so. Moreover, Mr.

Willyard has failed to show that he is entitled to equitable tolling of the statute of limitations for filing federal *habeas* petitions. 28 U.S.C. § 2244. As Judge Deere noted, Mr. Willyard waited over eight months after the judgment was entered to file a state habeas petition and more than eight months after the federal statute of limitations expired to file his federal habeas petition. Mr. Willyard does not argue that he was unaware of the one-year federal limitations period or that he was prevented by some extraordinary circumstance from complying with the limitations period. Mr. Willyard has neither pursued his rights diligently nor established that extraordinary circumstances prevented him from timely filing his petition for writ of *habeas corpus* in federal court. *See Holland v. Florida*, 560 U.S. 631 (2010) (holding that a petitioner is entitled to equitable tolling of the statute of limitations only if he shows that he has pursued his rights diligently and that some extraordinary circumstances stood in his way and prevented a timely filing).

Accordingly, judgment shall be entered dismissing this complaint with prejudice.

The Court will not issue a Certificate of Appealability because Mr. Willyard has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

It is therefore ordered that:

1. Mr. Willyard's petition is barred by the Statute of Limitations under 28 U.S.C. § 2244(d)(1) and is therefore dismissed with prejudice.

2. Mr. Willyard's motions to compel discovery (Dkt. Nos. 13, 25) and his motion for evidentiary hearing (Dkt. No. 34) are denied as moot.

4. This dismissal of Mr. Willyard's complaint counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

5. The Court certifies that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

SO ORDERED this 23rd day of March, 2015.

                                                _____
                                                Kristine G. Baker
                                                United States District Judge